## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | |
| **David Cutler Industries, Ltd.** | : | **Chapter 11** |
| **Debtor** | : | |
| | | **Case No. 09-** |

### APPLICATION TO APPROVE EMPLOYMENT OF
### SPECIAL LITIGATION COUNSEL FOR DEBTOR UNDER 11 U.S.C. § 327(e)

Debtor David Cutler Industries, Ltd. ("Debtor") applies for approval of its employment of

Larsson & Scheuritzel, A Professional Corporation ("Special Counsel") pursuant to 11 U.S.C. §

327(e), as Special Counsel for the limited purpose of prosecuting the causes of action described

below (the "Actions") for the benefit of Debtor's estate and its creditors.   In support of this

Application, Debtor states as follows:

1.      Debtor filed its Bankruptcy Petition on November 16, 2009.

2.      Special Counsel has acted as counsel for Debtor in a limited number of matters

before the filing of the Petition, commencing in August 2009.  Most of that representation has

focused on the facts and issues raised or to be raised in the Actions.

3.      Special Counsel has significant experience in commercial litigation matters and

also significant experience in pursuing such matters in the context of bankruptcy and probate

estate proceedings, and is well-qualified to represent Debtor in the Actions.   Biographical

materials for Special Counsel are attached hereto.   It is expected that attorney C. Paul

Scheuritzel would take the lead role for Special Counsel on the Actions.  He is the attorney who

has had primary responsibility as to litigation over these matters before the filing of the

1

Bankruptcy Petition.

      4.     In that representation, Special Counsel has developed knowledge of facts, issues

and expertise pertaining to the Actions, as well as knowledge of Debtor's history and affairs.  In

addition, Special Counsel has developed and filed pleadings and other matters with respect to the

Actions that are expected to continue during this Case, including as counsel for Debtor for the

action captioned David Cutler Industries, Ltd v. Independence Pulp & Paper, Inc., Northstar Pulp

& Paper Co., Inc., Darryl Cutler, Jeffrey Pitkow and Jason Garon, Philadelphia Court of

Common Pleas (Commerce Court) No: 4215, August Term, 2009, in which many of the matters

raised or to be raised in the Actions are set out.  This expertise and knowledge would be

expensive and burdensome to duplicate through the retention of different counsel for those

purposes, particularly because the Actions involve complex and interrelated facts and

developments.

      5.     Subject to further development and analysis, the Actions in which Special

Counsel will be expected to represent Debtor are as follows:

      -- One or more actions contesting and seeking remedies for an alleged scheme by

which Northstar Pulp & Paper Co., Inc., Debtor's former President, Darryl Cutler, and others

improperly obtained, and obtained fraudulently as to creditors, most or substantially all of the

business, assets and goodwill of Debtor, through a purported marketing agreement, purported

loans and other acts.

      -- One or more actions contesting and seeking remedies for an alleged scheme by

which Converting Solutions, LLC, with the assistance of former President, Darryl Cutler, and

others, improperly, and fraudulently as to creditors, diverted assets, business and goodwill from

2

the Debtor to Converting Solutions, LLC .

-- Possible additional causes of action that may arise or be developed that relate to or arise from one or more of the above-described Actions.

6.   11 U.S.C. § 327(e) applies here, and provides that:

The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

7.   Special Counsel here would not represent the Debtor-in-possession (i.e. the "Trustee") outside the Actions, or in "conducting the case", which services are instead to be performed by the Law Offices of Doron Henkin, subject to this Court's approval of the application to employ such counsel.

8.   As set out in more detail in Special Counsel's Verified Declaration, Special Counsel does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters (i.e., the Actions) on which they are to be employed.

9.   As set out in more detail in the Verified Declaration, Special Counsel represents the Estate of David Cutler, which is the voting shareholder of the Debtor and is a creditor of the Debtor under a Note payable by the Debtor and under a lease of office premises to the Debtor. Debtor and Special Counsel submit that, with respect to the Actions, there is no adversity in that representation of the Estate of David Cutler.  On the contrary, the interests of those parties are aligned because the Estate of David Cutler, like the other creditors of Debtor, seeks the largest

3

available recovery from the Actions, so as to increase the amounts available for distribution by

the Debtor's estate. As noted in the Verified Declaration, Special Counsel and the Estate of

David Cutler have agreed that in the unlikely event that such matters may later be in conflict with

Special Counsel's representation of Debtor as to the Actions, Special Counsel will limit or

withdraw from such other matters as is required to permit Special Counsel to continue its

representation of the Debtor.

10.    Special Counsel proposes to represent Debtor under the following terms,

which are also set out in the attached Terms of Representation Exhibit. The fee of Larsson &

Scheuritzel would be wholly contingent upon one or more successful recovery or recoveries in

the Actions. Larsson & Scheuritzel would be paid from those recovery proceeds an amount

equal to the sum of (a) thirty percent (30%) of the recovery proceeds until such proceeds

aggregate two million dollars ($2,000,000), plus (b) twenty percent (20%) of the aggregate

recovery proceeds in excess of two million dollars ($2,000,000) until such aggregate proceeds

equal three million dollars ($3,000,000), plus (iii) ten percent (10%) of the aggregate proceeds in

excess of three million dollars ($3,000,000). Debtor would reimburse Larsson & Scheuritzel for

standard costs incurred in pursuing the Actions, including filing fees, service fees, deposition

costs, expert fees and expenses, investigation costs, telephone charges, postage, delivery charges,

messenger service fees, copying expenses, process server fees and similar items. Larsson &

Scheuritzel would send statements to Debtor monthly for any such costs incurred, to be

submitted to the Court for review and approval in interim or final fee applications at such times

as permitted by the Court and applicable rules. Because Debtor is obligated to pay costs, any

attorneys fees or costs that are awarded to Debtor through the Actions shall be applied to

4

reimburse (or to fund) Debtor's payment of such costs and shall not be included in the recovery

proceeds against which Larsson & Scheuritzel earns its contingency percentage. Larsson &

Scheuritzel acknowledges that award and payment of the above fees and expenses is subject to

review and approval by the Bankruptcy Court, pursuant to appropriate fee applications.

Debtor submits that these terms are a reasonable and appropriate sharing of risk

and reward, given Larsson & Scheuritzel's willingness to assume the risk that it will receive no

fees from the Actions while expending significant attorney time pursuing the Actions and

inasmuch as Debtor incurs no attorneys fees in connection with the Actions unless and until it

receives the proceeds of one or more recoveries arising from the Actions.

11.     Unless otherwise provided by further Order of this Court or in any Plan

Confirmed by this Court, any proposed settlement of the Actions would be subject to review by

this Court under standards applicable generally to review of proposed settlements and

compromises as to a debtor in bankruptcy proceedings.

12.     Proposed Special Counsel has made appropriate disclosures, as set out in the

attached Verified Declaration, that it neither holds nor represents any creditor or other party in

interest with claims adverse to the estate with respect to the matters on which they are to be

employed under 11 U.S.C. § 327(e).   Debtor believes that these disclosures are true, accurate

and complete and that Special Counsel does not hold or represent such interests.

13.     By pursuing the Actions, through vigorous representation by Special Counsel,

Debtor has a substantial opportunity to obtain recoveries for the benefit of its estate, creditors and

parties in interest, in an efficient manner with significant benefits of continuity of representation.

14.     Debtor submits that the employment of Special Counsel should be approved.

5

In addition to the benefit of continuity in representation, the terms of employment are reasonable and Special Counsel is experienced, qualified and already has substantial knowledge of the facts.

15.     Attached hereto as Exhibits are the Terms of Representation, a biographical/firm resume, a "rate sheet" for hours and expenses for the firm, and the Verified Declaration of proposed Special Counsel.

16.     As set out in the Verified Declaration, Special Counsel has acknowledged that approval and payment of any fee earned or cost incurred by them under this engagement is subject to Court approval here and that Special Counsel has no arrangement or understanding by which the fees it earns are to be shared with any other party.

17.     Based on the foregoing, Debtor and Special Counsel believe that nothing interferes with or conflicts with Special Counsel's representation of Debtor in the Actions.

**WHEREFORE,** Debtor prays that its employment of Special Counsel be approved by this Court under the terms specified, to act as Special Counsel as to the Actions in this Case under Chapter

11 of the Bankruptcy Code, and for such other and further relief as is just.

David Cutler Industries, Ltd.

By: _____
Jonathan Gayl, President

/s/ Doron A. Henkin, Esq.
Law Offices of Doron A. Henkin
Radnor Financial Center
150 N. Radnor-Chester Road
Suite F-200
Radnor, PA 19087
(610) 977-2083
(610) 994 2399 (fax)
DHenkin@henkinlaw.com
Counsel for Debtors

Dated: December____7____, 2009

EXHIBIT TO APPLICATION TO APPROVE EMPLOYMENT:
TERMS OF REPRESENTATION AND COMPENSATION

1.      Larsson & Scheuritzel, A Professional Corporation, will represent David Cutler Industries, Ltd. ("Debtor") in connection with the "Actions" (as defined in the Application to Employ Special Counsel) on the following terms.   The terms and recitals in the Application to Employ Special Counsel are incorporated herein by reference.

2.      Special Counsel proposes to represent Debtor under the following terms, which are also set out in the attached Terms of Representation Exhibit.  The fee of Larsson & Scheuritzel would be wholly contingent upon one or more successful recovery or recoveries in the Actions.  Larsson & Scheuritzel would be paid from those recovery proceeds an amount equal to the sum of (a) thirty percent (30%) of the recovery proceeds until such proceeds aggregate two million dollars ($2,000,000), plus (b) twenty percent (20%) of the aggregate recovery proceeds in excess of two million dollars ($2,000,000) until such aggregate proceeds equal three million dollars ($3,000,000), plus (iii) ten percent (10%) of the aggregate proceeds in excess of three million dollars ($3,000,000).  Debtor would reimburse Larsson & Scheuritzel for standard costs incurred in pursuing the Actions, including filing fees, service fees, deposition costs, expert fees and expenses, investigation costs, telephone charges, postage, delivery charges, messenger service fees, copying expenses, process server fees and similar items.  Larsson & Scheuritzel would send statements to Debtor monthly for any such costs incurred, to be submitted to the Court for review and approval in interim or final fee applications at such times as permitted by the Court and applicable rules.  Because Debtor is obligated to pay costs, any attorneys fees or costs that are awarded to Debtor through the Actions shall be applied to reimburse (or to fund) Debtor's payment of such costs and shall not be included in the recovery proceeds against which Larsson & Scheuritzel earns its contingency percentage.

3.      It is specifically acknowledged and agreed that, to the extent same is provided under the Bankruptcy Code or other applicable law, final approval of any fee earned or cost incurred by Special Counsel under this contingency arrangement may be subject to Bankruptcy Court review and approval.

4.      It is further specifically acknowledged and agreed that, unless otherwise provided by further Order of the Bankruptcy Court or in any Plan confirmed by the Court, any proposed settlement of the Actions would be subject to review by the Bankruptcy Court under standards applicable generally to

review of proposed settlements and compromises as to a Debtor in bankruptcy proceedings.

Accepted and agreed, subject to the approval of the Bankruptcy Court as to the representation and these terms.

Larsson & Scheuritzel, A Professional Corporation

By: _____

David Cutler Industries, Ltd.

By: _____
      Jonathan Gayl, President

# LARSSON & SCHEURITZEL, P.C.
### CENTRE SQUARE WEST, SUITE 3510
### 1500 MARKET STREET
### PHILADELPHIA, PA 19102

575 JERICO PIKE
SUITE 210
JERICHO, NY 11753

David J. Larsson
Voice: 215.656.4221
Fax: 215.656.4202
dlarsson@larssonlaw.com

## A DESCRIPTION OF THE FIRM

Our firm's lawyers have experience and expertise in commercial real estate transactions, general civil trial and appellate litigation practice in all courts, design and construction contract negotiations, and general corporate, business, and financing advice and transactions. We are fortunate to enjoy a practice that has brought us a steady stream of challenging and sophisticated legal problems to solve with our clients. We are also fortunate to enjoy a firm environment that permits us to give our clients individual attention and responsive service.

In our real estate practice, we are United States real estate counsel and general business counsel to a leading international furniture retailer. We handle lease negotiations and other real estate transactions for one of the mid-Atlantic's dominant supermarket chains. We represent the largest non-sectarian operator of private schools in the United States in real estate acquisition, development, disposition, and financing transactions. We act as local counsel to institutional lenders and owners of investment grade real estate projects of all kinds. We represent Delaware Valley regional developers, retailers, and owners in the purchase, development, leasing, financing, and sale of significant real estate projects.

Our trial lawyers have experience and expertise in both trial and appellate practice as well as in many different subject matter areas, including the telecommunications industry, commercial real estate, construction, government contracts, banking, bankruptcy, pharmaceuticals, corporate and partnership governance, employment, insurance coverage, civil and criminal antitrust and securities, libel, and professional malpractice (non-medical). Our trial lawyers have handled cases on behalf of internationally-owned and Fortune 500 and other large publicly- and privately-held United States corporations, joint ventures and partnerships, major banks and hospitals, heavy and highway contractors, general and specialty contractors, architectural, accounting, and law firms, as well as individuals and small businesses in the mid-Atlantic region and elsewhere. We recently helped a client in the telecommunications industry initiate, manage, and pursue to conclusion hundreds of lawsuits as part of an overall national litigation strategy; and our success was such that we were asked to share our experience and expertise with lawyers charged with implementing the same strategy in other regions.

In our general business practice, our lawyers represent clients spanning all segments of the business community. Our business lawyers provide: start-up, formation, and growth planning; advice and drafting concerning ownership, employment, consulting, and severance agreements; structuring, negotiation, and preparation of contracts in connection with licensing and financing arrangements, and sales, acquisitions, and mergers of businesses and assets; and ongoing business advice in connection with matters such as intellectual property, litigation, leasing, taxation, restructuring, and employer-employee relations. We also counsel business investors and executives in financial and estate planning.

## Individual Backgrounds of the Firm's Lawyers

### Members

**DAVID J. LARSSON,** born Manchester, Connecticut, February 7, 1954; admitted to bar, 1984, Pennsylvania; 1985, New Jersey. EDUCATION: Bowdoin College (B.A., cum laude, 1976); University of Minnesota Law School (J.D., magna cum laude, 1984); Research Editor, Minnesota Law Review, 1983-84. AV Peer Review Rated by Martindale-Hubbell. 1995: selected as a "Pennsylvania SuperLawyer" for real estate. David serves on the advisory boards of two privately-held U.S. affiliates of an international "big box" retailer and has done so for over 10 years. REPRESENTATIVE MATTERS: General outside real estate counsel to international "big box" retailer in U.S. matters, including acting as counsel (either directly or via oversight of local counsel) in acquisition, development, design, construction, remodeling, relocation, and disposition of retail and distribution facilities in the markets throughout the U.S.; regional outside real estate counsel to privately held supermarket chain in leasing of store facilities throughout Delaware Valley region; outside real estate counsel to publicly traded owner of elementary schools and preschools in markets throughout the U.S.; real estate counsel to various Delaware Valley retailers, developers and owners in acquisition, development, financing and leasing of real estate; local counsel to Fortune 50 companies in Delaware Valley real estate transactions. PRACTICE AREAS: Commercial Real Estate Law; General Corporate and Business Law. AV Peer Review Rated

**C. PAUL SCHEURITZEL, Jr.,** born Greenwich, Connecticut, May 15, 1961; admitted to bar, 1988, Pennsylvania. EDUCATION: Hamilton College (B.A., 1983); Villanova University School of Law (J.D., cum laude, 1988); Case and Comment Editor, Villanova Law Review 1987-1988; Order of the Coif. PRACTICE AREAS: Commercial and Business Litigation; Construction, General Corporate and Business Law.

**DANIEL J. GIBBON,** born Cleveland, Ohio, August 17, 1952; admitted to bar, 1982, Pennsylvania. EDUCATION: Swarthmore College (B.A., 1974); University of Michigan (M.A., Natural Resources Policy, and J.D., 1982). PRACTICE AREA: General Corporate and Business Law. AV(T) Peer Review Rated

**DONNA M. MORE**, born Philadelphia, Pennsylvania, July 15, 1958; admitted to bar, 1985, Florida; 1987, Pennsylvania, New Jersey and U.S. District Court, District of New Jersey; 1988, U.S. District Court, Eastern District of Pennsylvania. EDUCATION: Villanova University (B.A., cum laude, 1980); University of Miami School of Law (J.D., 1985). LANGUAGES: French (basic), Italian (basic). PRACTICE AREA: Commercial Real Estate.

**BRUCE E. RITTER**, born New York, New York, November 14, 1961; admitted to bar, 1990, New York (not admitted in Pennsylvania). EDUCATION: State University of New York at Binghamton (B.A., with honors, 1983); Brooklyn Law School (J.D., cum laude, 1987). Member, Moot Court Honor Society; National Trial Advocacy Team. Member: New York State Bar Association. LANGUAGES: Spanish (basic). PRACTICE AREAS: Commercial Real Estate Law; General Corporate and Business Law.

## Counsel to the Firm

**SEYMOUR I. TOLL**, born Philadelphia, Pennsylvania, February 19, 1925; admitted to bar, 1953, New York; 1956, Pennsylvania; 1958, U.S. Supreme Court. EDUCATION: Yale University (B.A., magna cum laude, 1948; LL.B., 1951); Phi Beta Kappa. Recipient, The Fidelity Award, 1984. Law Clerk to Hon. Irving R. Kaufman, U.S. District Court, Southern District of New York, 1951-1952. Author: Zoned American, 1969; A Judge Uncommon. A Life of John Biggs, Jr., 1993. Associate Editor, 1970-1978, and Editor, 1979-1980, The Shingle. Editor, 1972-1973, and Senior Editor, 1973-1975, The Retainer. Editor, A Court's Heritage, 1984-1988. Member, Hearing Committee, The Disciplinary Board of the Supreme Court of Pennsylvania, 1974-1981. Lecturer in Law, University of Pennsylvania Law School, 1978-1986. Fellow, American College of Trial Lawyers. PRACTICE AREA: Commercial and Business Litigation.

**MICHELE LANGER**, born Bethesda, Maryland, November 4, 1948; admitted to bar, 1973, Pennsylvania. EDUCATION: Bryn Mawr College (B.A., magna cum laude, with honors in sociology, 1970); University of Chicago (J.D., 1973). Fee Auditor, appointed by U.S. Bankruptcy Court, District of Delaware in In re: United States Mineral Products Company, 2002 to present. Neutral Arbitrator, appointed by U.S. Bankruptcy Court, Eastern District of Pennsylvania in In re: Sacred Heart Hospital of Norristown, 1995-1996. Arbitrator, appointed by U.S. District Court, District of District of Columbia to implement consent decree in Securities Exchange Commission v. Prudential Securities, Inc., 1994-1996. Member, 1995-1998, and Chair, 1999-2001, Hearing Committee, The Disciplinary Board of the Supreme Court of Pennsylvania. Member, American Law Institute, elected 1995. Judge Pro Tempore, Philadelphia Court of Common Pleas, 1994-2001. Mediator, Court-Annexed Early Mediation Program, U.S. District Court, Eastern District of Pennsylvania, appointed 1992. Chairman, Bar-News Media Committee, Philadelphia Bar Association, 1986. LANGUAGES: Italian (fluent), French (basic), Spanish (basic). PRACTICE AREA: Commercial and Business Litigation.

## Larsson & Scheuritzel
## Fee Schedule Master List

Report ID:   ML1150 - 8545
Monday, December 07, 2009

| Code | Description | |
|------|-------------|---|
| **NEW** | **2007 - 2009 New Clients Fees** | |
| Timekeeper Rates | Gibbon, Daniel J. | $300.00 |
| | Langer, Michele | $300.00 |
| | Larsson, David J. | $400.00 |
| | Miller, Justin K. | $250.00 |
| | More, Donna M. | $300.00 |
| | Ritter, Bruce E. | $300.00 |
| | Scheuritzel, C. Paul | $300.00 |

**\*\*\* End Of Report \*\*\***